504 A.2d 1357

**Mifflin County School District, Appellant *v.* John A. Monsell, Appellee.**

Argued September 12, 1985, before Judges Doyle and Palladino, and Senior Judge Barbieri, sitting as a panel of three.

*Norman L. Levin, Brugler & Levin,* for appellant.

*Timothy S. Searer, Searer, Helm & Torquato,* for appellee.

Opinion by Judge Palladino, February 18, 1986:

The Mifflin County School District (District) appeals from a decision of the Court of Common Pleas

of Mifflin County (trial court) which preliminarily enjoined the District from implementing a policy limiting the number of students who could play on the District's interscholastic football teams. For the reasons set forth below, we reverse.

On June 25, 1984, the District's Board of Directors (Board) passed a policy which established a maximum of fifty-five (55) players on each high school's combined varsity and junior varsity football teams and a maximum of thirty-five (35) players on the ninth grade teams. This policy was enacted as a cost-saving measure, to be effective on August 30, 1984, and applied to all three high schools in the District.

John A. Monsell (Appellee) filed this complaint in equity on August 10, 1984, alleging that he is the father of two sons who participate in the District's interscholastic football program at Chief Logan High School and Middle School. Appellee is also the Head Football Coach at Chief Logan High School. The action was not brought on behalf of Appellee's sons, but by Appellee as an individual. Appellee asserted in his complaint that the Board

> manifestly abused its discretion by its arbitrary and capricious actions for the following reasons:
>
> (a) Individual students' opportunities to participate in the Interscholastic Football Program are now determined by the attendance area in which the student resides;
>
> (b) Said policy fails to consider the tradition and community involvement established and existing to different degrees at each of the District's schools, and this policy's affect thereon;
>
> (c) Said policy applies only to student participation in Interscholastic Football;
>
> (d) Said policy ignores financial studies indicating higher numbers of participants result, in

part, in increased revenues and lower costs per participant; and

(e)    The Defendant's action was based on ignorance through lack of inquiry into facts necessary to form intelligent judgment.

The trial court, following a hearing, issued a preliminary injunction as requested by Appellee.

The District has appealed, arguing that: (1) Appellee lacks standing to challenge the Board's policy; (2) the action of the Board in setting limits on the number of players on the football teams is a discretionary action with which the courts may not interfere; (3) the students have no property right to participate in interscholastic athletics; and (4) Appellee did not establish the criteria necessary for the trial court to grant a preliminary injunction.

Our threshold inquiry must be directed at the question of whether Appellee, as an individual, possesses the requisite standing to challenge the Board's actions. We conclude that he does not.

In order for a party to have standing to challenge a governmental action, he or she must be aggrieved. The party must be harmed by the action which he challenges.    One is not aggrieved if he only asserts the common interest of all citizens in procuring obedience to the law.    *William Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975). The party bringing the action must have an interest in the subject matter of the litigation which is substantial and direct.    Moreover, the interest must be immediate, and not a remote consequence of the governmental action.    *Id.*

We must conclude that Appellee is not aggrieved by the Board's action because he has no substantial and direct interest in the dispute.    He has alleged no injury; as football coach his salary remains unchanged.    As a resident of the District, his interest is

a general one, common to all residents of the District, and so is not substantial. Appellee's dispute with the Board is based solely on an abstract philosophical difference. Appellee has the right to disagree with the Board's judgment, but he cannot resort to the courts for a remedy without asserting some injury resulting from the Board's action.

Even if the action were treated as one brought on behalf of Appellee's minor sons, no allegation was made that the sons would be unable to participate in the football program as a result of the Board's policy. As the District correctly points out, the students do not have a property right in participating in interscholastic sports. *Pennsylvania Interscholastic Athletic Association v. Greater Johnstown School District,* 76 Pa. Commonwealth Ct. 65, 463 A.2d 1198 (1983). The matter of the regulation, supervision and existence of athletics in the District is vested solely within the Board's discretion by Section 511 of the Public School Code of 1949.[1] The Board could adopt a policy eliminating the football team entirely under this section.

In view of the above, we conclude that Appellee has suffered no injury, he is not an aggrieved party, and does not possess the standing necessary to challenge the Board's action in limiting the size of the District's football squads. Because Appellee does not have standing to bring this action, the trial court was without jurisdiction to issue the preliminary injunction. We, therefore, reverse the order of the trial court and dissolve the preliminary injunction.

## Order

And Now, February 18, 1986, the order of the Court of Common Pleas of Mifflin County at No. 1074 of

---

[1] Act of April 14, 1949, P.L. 460, *as amended,* 24 P.S. §5-511.

1984, dated August 23, 1984, is reversed, and the preliminary injunction is dissolved.